UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:13-cv-10768DPW

|  |  |
|---|---|
| DONALD BLISS,<br>    Plaintiff,<br><br>vs.<br><br>RICHARD STANLEY, *in his individual capacity and official capacity as Chief of Police*, and TOWN OF WAREHAM,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANTS TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Defendants, Richard Stanley, in his individual capacity and official capacity as Chief of Police, and Town of Wareham (hereinafter "Defendants") hereby respond to each numbered paragraph of the Plaintiff's First Amended Complaint as follows:

I. Introduction

1. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

II. Parties

2. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

3. The Defendants admit that Richard Stanley was the Chief of Police of the Wareham Police Department.  Defendants admit the remaining allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

4. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

### III. Facts

#### i. *Plaintiff's Background and Civil Service Appeal*

5. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

6. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

7. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

8. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

9. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

10. The Defendants admit that Defendant Stanley has been the subject of an investigation by the Civil Service Commission and that the employment contract requires him to live within ten miles of Wareham.  The Defendants deny that the Defendant Stanley lives more than 10 miles away from Wareham.

#### ii. *Plaintiff Reports Potential Criminal Activity to Stanley*

11. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

12. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

13. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

#### ii. *Plaintiff Provides Assistance With A Citizen Complaint*

14. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

15. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

16. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

17. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

18. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

19. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

### iii. *Police Chief Position*

20. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

21. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

22. The Defendants admit that on March 17, 2011, Attorney Andrew Gambaccini, on behalf of Donald Bliss, wrote to Mark Andrews, then Town Administrator, and noted Mr. Bliss' apparent interest in the job of Police Chief.

23. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

24. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

### iv. *Bliss's Return To Department*

25. The Defendants lack sufficient information to either admit or deny that while Bliss's appeal before the Civil Service Commission was pending that it was widely known he would be reinstated. The Defendants admit that Bliss and Stanley spoke several times about Bliss' potential reinstatement while awaiting the decision.

26. Defendants admit that Chief Stanley expressed his intent to support whatever decision the Civil Service Commission reached. Defendants deny that Chief Stanley promised that everything in the police department would be the same. Chief Stanley was the acting chief at that time and he was in the process of making significant changes to the functioning of the department wholly unrelated to Mr. Bliss.

27. The Defendants admit that Defendant Stanley met with Bliss in early 2011. The Defendants deny that Defendant Stanley said he had another lieutenant serving as

patrol division commander and did not have an assignment to give Bliss. The Defendants neither admit nor deny that "[t]his news came as a complete surprise to Bliss."

28. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

    v. *Stanley Adversely and Significantly Modifies Bliss's Conditions of Employment*

29. The Defendants admit that Bliss was not reinstated until June 2011. The Defendants admit that Defendant Stanley told Bliss that he would be assigned administrative tasks and that Bliss would not receive his own dedicated cruiser, but was free to use an available cruiser as needed. The Defendants deny that Stanley told Bliss that he did not have any place for Bliss on his command staff and that he might be used as an assistant to a current lieutenant.

30. The Defendants admit that the animal control officer's desk was moved tot the basement and that this same desk was then provided to Bliss. Defendants admit that Bliss was not given a key to his co-workers office, just as those co-workers were not given a key to Bliss' desk.

31. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

32. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

33. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

34. The Defendants deny that Defendant Stanley did not announce Bliss's reinstatement to the members of the Department. The Defendants are without sufficient information to form a belief as to the remaining allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

35. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

36. a. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.
b. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.
c. The Defendants deny that Defendant Stanley refused to assign Bliss a cruiser. The Defendants admit that the cruiser Bliss used before his termination was assigned to a patrol detective and that when Bliss needed a cruiser, he could find an available cruiser to use.

37. The Defendants deny that Bliss was not allowed to supervise anyone, that he was not given an official assignment and that he did not have any work other than paperwork. The Defendants admit that there was a lot of administrative work that needed to be done.

38. The Defendants admit that Bliss wrote a letter to Stanley in August 2011.

39. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

40. The Defendants admit that Bliss' 'requests' did not result in a change in the way that Stanley treated Bliss, which was at all times lawful and respectful. Defendants further admit that Bliss later resigned, for reasons unknown to these defendants.

### vi. *Damages and Animus*

41. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

42. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

43. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

44. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

45. The Defendants deny the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

46. The Defendants admit the allegations contained in this paragraph of the Plaintiff's First Amended Complaint.

## COUNT I

**FREEDOM OF SPEECH AND TO PETITION THE GOVERNMENT**
(42 U.S.C. § 1983)

The Defendants repeat and re-allege their responses to paragraphs 1 through 46 above as if fully incorporated herein. Further, the Defendants deny the allegations contained in this Count of the Plaintiff's First Amended Complaint.

## COUNT II

### FREEDOM OF ASSOCIATION
(42 U.S.C. § 1983)

The Defendants repeat and re-allege their responses to paragraphs 1 through 46 above as if fully incorporated herein.  Further, the Defendants deny the allegations contained in this Count of the Plaintiff's First Amended Complaint.

## COUNT III

### MASSACHUSETTS CIVIL RIGHTS ACT
(M.G.L. c. 12 § 11H)
(Stanley only)

The Defendants repeat and re-allege their responses to paragraphs 1 through 46 above as if fully incorporated herein.  Further, the Defendants deny the allegations contained in this Count of the Plaintiff's First Amended Complaint.

## COUNT IV

(Intentional Infliction of Emotion[sic] Distress)
(Stanley only)

The Defendants repeat and re-allege their responses to paragraphs 1 through 46 above as if fully incorporated herein.  Further, the Defendants deny the allegations contained in this Count of the Plaintiff's First Amended Complaint.

**WHEREFORE**, the Defendants request that judgment be entered in their favor as to all of the Plaintiff's claims with interest, fees, and costs awarded to it.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

By way of affirmative defense, the Defendants state that the Plaintiff has failed to state a claim upon which relief may be granted.

#### Second Affirmative Defense

By way of affirmative defense, the Defendants state that the Plaintiff has failed to exhaust his administrative remedies.

## JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

*Respectfully submitted*,

The Defendants
Richard Stanley and Town of Wareham
By their attorneys,

              /s/ Peter E. Montgomery
Leonard H. Kesten, BBO# 542042
Peter E. Montgomery, BBO# 632698
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
pmontgomery@bhpklaw.com

DATED:  February 3, 2014

## CERTIFICATE OF SERVICE

  I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

                 /s/ Peter E. Montgomery
                Peter E. Montgomery, BBO# 632698

Dated:  February 3, 2014